**YIFENG SHAO, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–1883–ag.

United States Court of Appeals, Second Circuit.

Feb. 20, 2008.

Yifeng Shao, Brooklyn, NY, pro se.

Jeffrey Bucholtz, Acting Assistant Attorney General, Michelle G. Latour, Assis-

---

tant Director, Sunah Lee, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROGER J. MINER and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Yifeng Shao, a native and citizen of the People's Republic of China, seeks review of the March 24, 2006 order of the BIA affirming the January 4, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yifeng Shao,* No. A96 389 856 (B.I.A. Mar. 24, 2006), *aff'g* No. A96 389 856 (Immig. Ct. N.Y. City Jan. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, although Shao is challenging the denial of relief in "asylum-only" proceedings—as opposed to an actual removal order—we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006).

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

We find that the agency's adverse credibility determination was supported by substantial evidence. The multiple specific examples of discrepancies between Shao's testimony and the record—e.g., his failure to mention during his airport interviews [1] any of the events that would later serve as the basis for his asylum claim and the inconsistency with his friend's letter regarding whether they were arrested, detained, and beaten separately or together—provided sufficient bases on which the agency could conclude that he was not credible. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). Although Shao offered explanations for most of the discrepancies found by the agency, no reasonable fact-finder would have been compelled to accept them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Moreover, because Shao's testimony was not otherwise credible, it was not improper for the agency to rely on the absence of hospital records, which may have corroborated his injuries at the hands of police, as further support for its adverse credibility determination.[2] *See Xiao Ji Chen v. U.S. Dep't of*

---

1. We agree with the BIA that the airport interview statements were sufficiently reliable to merit consideration in the credibility determination. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004).

2. Because our review is limited to "the administrative record on which the [challenged] order of removal is based," 8 U.S.C. § 1252(b)(4)(A), we may not consider a medical report discussing an X-ray examination of Shao's damaged finger, submitted here for the first time.

*Justice,* 471 F.3d 315, 341 (2d Cir.2006). Rather, the absence of such evidence merely rendered Shao unable to rehabilitate his testimony, which had already been called into question.

In addition, given that Shao bore the burden of demonstrating that he possessed a subjective basis for his fear of persecution, *see Ramsameachire,* 357 F.3d at 178, the BIA reasonably found that his bald statement that he started practicing Falun Gong subsequent to his merits hearing was insufficient to support a well-founded fear of persecution. Accordingly, the BIA's denial of asylum and withholding of removal was not improper.

Finally, because Shao failed to challenge the IJ's denial of his CAT claim in his brief to the BIA, as a statutory matter, we are without jurisdiction to consider any challenge to the denial of that relief. 8 U.S.C. § 1252(d)(1). Accordingly, we dismiss Shao's petition for review with respect to CAT relief.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, Shao's pending motion for a stay of removal in this petition is DISMISSED as moot. In addition, the pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). Finally, Shao's pending motion for summary reversal of the BIA's decision is DENIED.